NATIONAL BANK OF RONDOUT *v.* McGAHAN *et al.*

*(Circuit Court, D. South Carolina. 1891.)*

APPEAL—SUPERSEDEAS BOND—AMOUNT—FORECLOSURE SUIT.

> Where a decree in foreclosure directs defendant to account for three-fourths of the rents of the property for several years, and for waste committed during that time, and the judgment for which this accounting is ordered amounts to $13,000, with interest for two years or more, the *supersedeas* bond will be fixed at $14,000, as the case is not within rule 29 of the supreme court, directing that, in suits on mortgages, the *supersedeas* bond shall be fixed at a sum to cover the damages arising from the detention of the money secured by the mortgage, measured by the interest on the money.

In Equity. Motion to fix the amount of *supersedeas* bond.

*Barker, Gilliland & Fitzsimons,* for complainant.

*I. N. Nathans* and *Samuel Lord,* for defendants.

SIMONTON, J. If the decree in this case provided simply for the foreclosure of a mortgage of real estate, the amount of the bond would be fixed at a sum to cover the damages arising from the detention of the money secured by the mortgage, measured by the interest on the money due. *Construction Co.* v. *Township of Cherokee,* 42 Fed. Rep. 754. That is the course laid down in rule 29 of the supreme court in "all suits where the property in controversy necessarily follows the event of the suit, as in real actions, replevin, and in suits on mortgages." But the decree orders the defendant to account for three-fourths of the rents and profits of said property from 7th September, 1883, and for any waste permitted by him of the said property between that date and the date of his accounting." This part of the decretal order takes the case out of *Kountze* v. *Hotel Co.,* 107 U. S. 394, 2 Sup. Ct. Rep. 911, and out of this part of rule 29. The limit of this liability to account is the amount of the judgment heretofore secured by the complainant, some $13,000, with interest from 1887. From the evidence taken in the cause, and submitted to the court, (the judge hearing this motion not having sat on the trial,) it appears that the land covered by the mortgage owed its chief value to the timber upon it, and that this has nearly all been cut away. Besides this, it is manifest, from the tenor of the decree, that the presiding judge was under the impression that the land was not a sufficient security for the debt. Not only does he order this accounting in aid of the complainant, but he directs the proceeds of sale, costs, and expenses, being deducted, to be paid over to the complainant, and

credited on the debt. No provision is made for the surplus, and apparently no surplus is anticipated. Under these circumstances, I fix the amount of the *supersedeas* bond at $14,000.